UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHANDA ST. PETERS,<br><br>   Plaintiff,<br><br> v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>   Defendant. | Case No. 21-cv-05597-VKD<br><br>**ORDER DENYING MOTION FOR LEAVE AND REQUESTING DEFENDANT'S RESPONSE**<br><br>Re: Dkt. No. 46 |

  On August 18, 2022, plaintiff Chanda St. Peters filed a motion requesting an extension of the deadline for fact discovery. Dkt. No. 43. The Court denied her request. Dkt. No. 45. Now plaintiff seeks leave to file a motion for reconsideration of the Court's order. Dkt. No. 46.

  Civil Local Rule 7-9(a) requires a party to seek leave of court to file a motion for reconsideration. To obtain leave, the moving party must show at least one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L-R 7-9(b).

  Ms. St. Peters contends that the Court "failed to consider a material fact which was presented to the Court." Dkt. No. 46 at 1. This argument is conclusory, however, as Ms. St.

Peters has not identified any specific fact that the Court failed to consider. Instead, she implies that the Court reached an incorrect legal conclusion when it found that Ms. St. Peters was not diligent in conducting discovery and did not show good cause for modification of the case management order. *See* Dkt. No. 45. Because plaintiff has not identified any "material fact" that the Court previously failed to consider, she has not established any basis for leave to file a motion for reconsideration. However, the Court is concerned that because both Ms. St. Peters's prior counsel *and* her current counsel have failed to take *any* discovery in this matter, Ms. St. Peters will not be prepared to try the case on the merits and will suffer prejudice as a result.

Ms. St. Peters's current counsel asserts that plaintiff wishes to obtain the following discovery: (1) a copy of "the incident aircraft passenger manifest," and (2) the depositions of the "two gate agents who were ultimately responsible for denying Plaintiff's boarding."[1] Dkt. No. 46-2 ¶ 17. The Court would like to understand what prejudice, if any, defendant will suffer if the Court permits plaintiff to obtain some or all of this discovery after the fact discovery deadline has passed. In addition, the Court wishes to know whether the two gate agents are within the subpoena power of the Court and can be compelled to testify at trial, and if not, whether defendant will produce them voluntarily at trial.

The Court requests defendant's response to this order by **September 13, 2022**.

**IT IS SO ORDERED.**

Dated: September 6, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Plaintiff does not indicate whether she has served discovery requests for this evidence.